This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Jennifer Saal, appeals from the judgment of the Wayne County Court of Common Pleas granting the motion to reallocate parental rights and responsibilities of Appellee, Kenneth Saal. We reverse.
A magistrate heard this matter on a complaint for divorce filed by Appellant. On May 27, 1999, the magistrate granted the divorce. The divorce decree designated Appellant as the residential parent of the parties' three children ("Saal children") and granted Appellee companionship with the Saal children. Thereafter, Appellee moved to reallocate parental rights and responsibilities. The magistrate denied Appellee's motion finding no change of circumstances that would warrant such a reallocation. Appellee filed objections to the magistrate's proposed findings, which the trial court sustained. The trial court found a change of circumstances did occur and named Appellee as the residential parent. Appellant timely appealed the decision raising three assignments of error, which have been rearranged for ease of review.
ASSIGNMENT OF ERROR I
 The trial court's decision transferring custody of the [Saal children] from Appellant to Appellee is contrary to law.
ASSIGNMENT OF ERROR III
 The trial court's decision transferring custody of the [Saal children] from Appellant to Appellee constitutes an abuse of discretion.
In her first and third assignments of error, Appellant contends that the trial court erred in finding a change of circumstances warranting a reallocation of parental rights and responsibilities. Specifically, the trial court enumerated four changes to support its decision: (1) Appellant's placement of the Saal children into the Nussbaum home environment after her remarriage to Brian Nussbaum ("Nussbaum"); (2) Nussbaum had a physical altercation with one of his children from a previous marriage; (3) Appellant does not immunize the Saal children to prevent diseases; and (4) Appellant withheld recommended remedies to prevent a tetanus infection when one of the Saal children suffered a cut. Appellant's contentions have merit.
An appellate court applies an abuse of discretion standard when reviewing a trial court's determination concerning a modification of parental rights. Masters v. Masters (1994), 69 Ohio St.3d 83, 85. An abuse of discretion suggests more than an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. It implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Id.
The trial court's discretion in determining parental rights must remain within the confines of the relevant statutory provisions. Miller v.Miller (1988), 37 Ohio St.3d 71, 74. Particularly, modifying a custody decree is governed by R.C. 3109.04(E)(1)(a), which states in pertinent part:
 The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree * * * that a change has occurred in the circumstances of the child, [or] the child's residential parent * * *, and that the modification is necessary to serve the best interest of the child.
Applying the statutory language requires the trial court to first determine whether a change of circumstances of the child or residential parent has occurred since the prior court order. Wyss v. Wyss (1982),3 Ohio App.3d 412, 414. A change in circumstances must be found before the trial court determines the best interest of the child. Zinnecker v.Zinnecker (1999), 133 Ohio App.3d 378, 383. "The purpose of requiring a finding of a change in circumstances is to prevent a constant relitigation of issues that have already been determined by the trial court." Id. at 383, citing Clyborn v. Clyborn (1994), 93 Ohio App.3d 192,196. Moreover, the change of circumstances requirement promotes continuity and stability in the child's life. Jacobs v. Jacobs (1995),102 Ohio App.3d 568, 576.
In the instant case, we must commence our analysis with a determination as to whether a change of circumstances existed. A "change of circumstances" is not defined by R.C. 3109.04; however, this court requires a material change of circumstances. Holcomb v. Holcomb (Sept. 26, 2001), Lorain App. No. 01CA007795, unreported, at 6. The "change must be a change of substance, not a slight or inconsequential change."Davis v. Flickinger (1997), 77 Ohio St.3d 415, 418.
We will address, in turn, the four changes of circumstances the trial court identified to justify its reallocation of parental rights and responsibilities.
 Appellant's placement of the Saal children into the Nussbaum home environment after her remarriage to Nussbaum
It is unclear whether the trial court deemed the new home environment or the remarriage as the change of circumstance. As such, we will address both.
Upon an examination of the trial court's findings concerning the Nussbaum home environment, it focuses on the altercation involving Nussbaum and his own child and the disciplinary measures employed by Appellant and Nussbaum. Neither the record nor the trial court's findings suggest that the Saal children have been materially affected by the Nussbaum altercation or the disciplinary measures institutionalized. Nevertheless, Appellee argued that he could provide a better home environment for the Saal children; however, the fact that Appellee may provide the children a better home environment does not constitute a change of circumstance. Moreover, it would spawn a "tug of war between [the] parents who would file a motion for change of custody each time the parent out of custody thought he or she could provide the children a `better' environment." Wyss, 3 Ohio App.3d at 416. Therefore, we cannot conclude that the new home environment constituted a change of circumstance.
A residential parent's remarriage may be considered a change of circumstance if hostility erupts between the residential parent and new spouse and the nonresidential parent. Davis, 77 Ohio St.3d at 419. However, in this case, the record is devoid of evidence illustrating that Appellant's remarriage created hostility towards Appellee. Consequently, the remarriage did not result in a change of circumstance.
 Nussbaum had a physical altercation with one of his children from a previous marriage
The trial court determined that Nussbaum's physical altercation with one of his children constituted a change of circumstance. In determining whether a change of circumstance has occurred, R.C. 3109.04 requires the court to look at the children and the residential parent. Nussbaum's actions with regard to his own child do not fall within the statute, as he is not the residential parent. However, it appears as though the trial court believed that the Saal children's residence in the home in which the altercation occurred constituted the change of circumstance. Notwithstanding this belief, there is no evidence that the Saal children were materially affected by the altercation. The record does not indicate whether the Saal children witnessed the altercation or were at home during the altercation. Moreover, the trial court in its findings of fact stated that "[t]he Saal children would have been adversely affected by being exposed to this incident in their home." (Emphasis added.) The trial court's language illustrates that its' finding was speculative. As such, the trial court improperly concluded that the altercation constituted a change of circumstance.
 Appellant does not immunize the children to prevent diseases
The trial court found that two of the Saal children contracted the mumps following the relevant court order regarding custody. Additionally, the trial court found that this incident could have been prevented if Appellant immunized the Saal children. In determining whether a change of circumstance has occurred, the trial court must look at the period of time subsequent to the relevant court order. The record indicates that Appellant stopped immunizing the Saal children as of 1995. Appellee testified that he was fully aware that the Saal children had not received their vaccination shots since 1995. Therefore, Appellant's failure to immunize the Saal children does not constitute a change of circumstance since her decision not to immunize arose prior to the relevant court order regarding custody. Moreover, the fact that the children contracted the mumps following the relevant court order does not change the outcome. The underlying reason why the children contracted the mumps was directly related to their lack of immunization. The fact that the Saal children contracted the mumps following the relevant court order does not constitute a change of circumstance. Declaring that a change of circumstance occurred because the children contracted the mumps would be counterintuitive; it would undercut the policy rationales underlying the change of circumstances requirement, that of promoting continuity and stability in the Saal children's lives and heightening the possibility of child custody relitigation.
 Appellant withheld recommended remedies to prevent a tetanus infection when one of the Saal children suffered a cut
The trial court stated that when one of the Saal children suffered a cut, Appellant neither alerted the medical staff that her child was not immunized for tetanus nor did she administer a homeopathic remedy to prevent tetanus. We note that there is no evidence in the record indicating that one of the Saal children suffered a tetanus infection. Therefore, Appellant's failure to alert the medical staff of her child's immunization status or her failure to administer a homeopathic remedy did not materially affect the child. Therefore, we cannot state that a change of circumstance occurred.
Consequently, we find that the trial court abused its discretion in determining that a change of circumstances existed. As such, we need not address the best interest prong. Accordingly, Appellant's first and third assignments of error are sustained.
ASSIGNMENT OF ERROR II
 The trial court's decision transferring custody of the [Saal children] from Appellant to Appellee is contrary to the manifest weight of the evidence.
In her second assignment of error, Appellant avers that the trial court erred in transferring custody of the Saal children to Appellee because the trial court's decision was against the manifest weight of the evidence. However, based upon our disposition of Appellant's first and third assignments of error, we need not address this issue.
Appellant's first and third assignments of error are sustained, and Appellant's second assignment of error is not addressed. The judgment of the Wayne County Court of Common Pleas is reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
LYNN C. SLABY, WHITMORE, J. CONCURS