DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Billy Markley, appeals the judgment of the Wayne County Court of Common Pleas. We affirm.
 I. {¶ 2} Appellant, Billy Markley ("Father"), and Appellee, Monica Markley ("Mother"), were divorced pursuant to the magistrate's order filed on January 30, 2002 in the Wayne County Court of Common Pleas Domestic Relations Division, which was adopted by the trial court. Pursuant to the divorce decree, Mother became the residential parent of the parties' son, "R.M.", and daughter, "D.M." Father filed objections to the magistrate's decision. Father's objections were *Page 2 
limited to financial matters and the order requiring Father to abstain from alcohol and marijuana use for eight hours prior to and during his parenting time.
 {¶ 3} In the summer of 2004, Mother filed a notice of intent to relocate to Arizona to pursue graduate school. Subsequently, Father filed a motion to reallocate parental rights and responsibilities, requesting that he be designated the residential parent of both children. The magistrate interviewed the children who both expressed a desire to remain in Ohio. The court held a hearing on the motions in August of 2004. On September 1, 2004, the magistrate entered an order permitting both children to move with Mother on a trial basis until Christmas of that year. The court awarded Father long-distance visitation. Following the court's order, Mother and the children moved to Arizona.
 {¶ 4} In December of 2004, the magistrate held another hearing to determine if the children had made a proper adjustment to living away from their father, extended family and friends and whether the children had changed their minds about where they wished to reside. At that hearing, the magistrate determined it was in the children's best interest to remain with Mother despite their express desire to live in Ohio. On January 4, 2005, the magistrate entered an order denying Father's motion to reallocate parental rights and responsibilities. The trial court subsequently adopted the magistrate's decision.
 {¶ 5} On July 26, 2005, Father filed a new motion for reallocation of parental rights and responsibilities, asking to be named the residential parent of *Page 3 
R.M. In addition, Mother filed a motion requesting that the court find Father in contempt for failure to pay child support as ordered. The magistrate again interviewed the children. This time, only R.M. expressed a desire to live in Ohio with Father. In December of 2005, the magistrate held a hearing on Father's motion. On January 18, 2006, the magistrate found that a change of circumstances had occurred, warranting reallocation of parental rights and responsibilities. Consequently, the magistrate named Father as the residential parent of R.M. The magistrate also found Father in contempt for failure to pay child support and sentenced him to three days in jail conditionally suspended.
 {¶ 6} On January 30, 2006, Mother filed objections to the magistrate's decision, asserting that the magistrate erred as a matter of law by finding that a change of circumstances had occurred since the trial court's prior order. Mother also argued that the proposed decision was not in the best interest of R.M. On May 25, 2006, the trial court entered an order reversing the magistrate's order and maintaining Mother as the custodial parent for both children. The trial court found that Father failed to demonstrate a change in circumstances sufficient to justify a custody modification. The trial court further found that it was in R.M.'s best interest to remain with his Mother. The court pointed to evidence in the record that Father had committed mental and physical abuse and had been convicted of domestic violence during the marriage. Father timely appealed the trial court's order, raising one assignment of error for our review. *Page 4 
 II. ASSIGNMENT OF ERROR "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY MODIFYING THE MAGISTRATE'S DECISION AND THEREBY INCORRECTLY DENYING APPELLANT FATHER'S MOTION FOR REALLOCATION OF PARENTAL RIGHTS AND RESPONSIBILITIES TO BE NAMED THE RESIDENTIAL PARENT OF HIS TEENAGED SON, WHERE THE MOTHER MOVED OUT-OF-STATE [SIC] AWAY FROM THEIR EXTENDED FAMILIES AND THE TEENAGED SON WANTED TO LIVE IN OHIO WITH HIS FATHER."
 {¶ 7} In his sole assignment of error, Father claims that the trial court erred and abused its discretion by modifying the magistrate's decision and thereby incorrectly denying his motion for reallocation of parental rights and responsibilities. We disagree.
 {¶ 8} Trial courts have broad discretion in their allocation of parental rights and responsibilities. Graves v. Graves, 9th Dist. No. 3242-M, 2002-Ohio-3740, at ¶ 31, citing Miller v. Miller (1988),37 Ohio St.3d 71, 74. A trial court order allocating parental rights and responsibilities cannot be reversed on appeal in the absence of an abuse of discretion. Riggle v. Riggle (Sept. 26, 2001), 9th Dist. No. 01CA0012, at *1, citing Rowe v. Franklin (1995), 105 Ohio App.3d 176,181. An abuse of discretion is more than an error of law or judgment; "it implies that the trial court's attitude is unreasonable, arbitrary, or unconscionable." Riggle, supra, at *1, citing Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. *Page 5 
 {¶ 9} Modification of parental rights and responsibilities is governed by R.C. 3109.04(E)(1)(a)[1], which provides:
 "(E)(1)(a) The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:
 "(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.
 "(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.
 "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."
 {¶ 10} Before inquiring into the best interests of the child, the trial court is to first determine whether a change of circumstances occurred, subsequent to the prior court order. Riggle, supra, at *2, citing Wyss v. Wyss (1982), *Page 6 3 Ohio App.3d 412, 414; Zinnecker v. Zinnecker (1999), 133 Ohio App.3d 378, 383. R.C.3109.04 provides no definition of a "change of circumstances"; "however, this Court requires a material `change of circumstances.'" Saal v.Saal (2001), 146 Ohio App.3d 579, 582, citing Holcomb v. Holcomb (Sept. 26, 2001), 9th Dist. No. 01CA007795, at *6. The Supreme Court has held that "the change must be a change of substance, not a slight or inconsequential change." Davis v. Flickinger (1997), 77 Ohio St.3d 415,418. "`The purpose of requiring a finding of a change in circumstances is to prevent a constant relitigation of issues that have already been determined by the trial court.'" Saal, 146 Ohio App.3d at 582, quotingZinnecker, 133 Ohio App.3d at 383. "[T]he modification must be based upon some fact that has arisen since the prior order or was unknown at the time of the prior order." Zinnecker, 133 Ohio App.3d at 384, citing R.C. 3109.04(E)(1)(a).
 {¶ 11} The magistrate found that R.M.'s continued desire to move back to Ohio and live with his father did not constitute a change in circumstances. Rather, the magistrate found that the passage of time — a year and a half — coupled with his desire to move back constituted a change in circumstances. The magistrate placed particular emphasis on the fact that if R.M. moved back to Ohio, he could readily participate in the outdoor activities that he enjoys with his father.
 {¶ 12} Upon review, the trial court granted Mother's objections, finding that it was not in R.M.'s best interest to reside with Father. However, the trial court also found that Father failed to demonstrate that a change in circumstances *Page 7 
had occurred which would justify a change in R.M.'s residential status. A court's finding of a lack of a change in circumstances is dispositive of a motion to reallocate parental rights and responsibilities. "If no change in circumstances occurred, the requirements for a change of custody cannot be satisfied, and a reviewing court need not examine the court's determination of the child's best interests." Cowan v.Cowan, 4th Dist. No. 04CA5, 2004-Ohio-6119, at ¶ 16; see Hinton v.Hinton, 4th Dist. No. 02CA54, 2003-Ohio-2785, at ¶ 12.
 {¶ 13} Father contends that the trial court erred in failing to find that a change in circumstances has occurred since the parties' divorce in 2002. In his motion, Father broadly asserts that the events of the past year constitute a change in circumstances regarding R.M. but not D.M. Father stated that R.M. had been in Arizona for another year and that the occurrences of that year render it in R.M.'s best interest to designate Father as the residential parent. On appeal, Father specifically contends that, pursuant to this Court's prior decisions, a change in the child's age of three years or more since the original divorce decree may constitute a significant change in circumstances. He additionally contends that R.M.'s move out of state and away from extended family constitutes a change in circumstances. Father also points out R.M.'s repeated testimony that he wishes to reside with Father in Ohio.
 {¶ 14} The record reflects that there has been no change in circumstances since the prior decree was issued on January 4, 2005. Father has presented no *Page 8 
specific argument regarding a change in circumstances in the past year. Father's arguments are all based on an improper standard. R.C.3109.04(E)(1)(a) precludes the trial court from considering facts available to it at the time of the prior decree when considering whether a change in circumstances has occurred. Wyss, 3 Ohio App.3d at 414. R.C.3109.04(E)(1)(a) does not reference the original divorce decree but rather references the prior decree. (Emphasis added.). Pursuant to R.C.3109.04(E)(1)(a), the court can only consider, "facts that have arisensince the prior decree or that were unknown to the court at the time ofthe prior decree" when considering whether to modify a prior decree. (Emphasis added.); see Wyss, 3 Ohio App.3d at 414 ("It is thecourt's knowledge, or lack thereof, of circumstances at the time of the issuance of the decree that is important in determining whether facts have arisen which were unknown prior to the issuance of the decree" (Emphasis sic.)).
 {¶ 15} Father cites Zinnecker, 133 Ohio App.3d at 383, for his proposition that a change in circumstances occurs "where the residential parent's out-of-state move impacts the child's welfare by removing the child from extended family with whom he has significant relationships." (Emphasis omitted.) However, in Zinnecker, unlike the within matter, the residential parent's move out of state was a fact that aroseafter the prior decree was issued. Here, Mother moved out of state and away from family approximately five months before the trial court's prior decree was issued. Mother's relocation was the subject of the magistrate's *Page 9 
decisions in September 2004 and January 2005. Father did not appeal the trial court's adoption of the magistrate's January 2005 decision retaining Mother's custody of the children. Moreover, Father has since moved away from family in the Rittman area and now lives more than an hour from that area.
 {¶ 16} Father points this Court to our decision in Andrachik v.Ripepi, 9th Dist. No. 22516, 2005-Ohio-6746, to support his contention that a change in a child's age of three years or more constitutes a change in circumstances. In contrast to the instant matter, the child inAndrachik had matured five years since the issuance of theoriginal decree. Unlike the case at bar, there were no intervening orders that considered the issue. In our case, R.M. only aged approximately half a year between the time the trial court entered its decree on January 4, 2005, and Father's July 26, 2005 motion. The passage of time alone is not a sufficient basis on which to find a change of circumstances. Butler v. Butler (1995), 107 Ohio App.3d 633,637.
 {¶ 17} A child's desire to live with a particular parent, without more, does not constitute a change in circumstance. Holtzclaw v.Holtzclaw (Dec. 14, 1992), 12th Dist. No. CA92-04-036, at *1. The record reflects that R.M. expressed a desire to move back to Ohio when the magistrate interviewed him in December 2004, before the January 2005 decree, and reiterated that desire when the magistrate interviewed him in December 2005. Consequently, this desire to live in Ohio is not a fact which has arisen since the prior decree or that was unknown at *Page 10 
the time of the prior decree. R.C. 3109.04(E)(1)(a). Even the magistrate acknowledged that the fact that R.M. repeated his desire to move back to Ohio and live with his father when the magistrate interviewed him in December of 2005 does not constitute a change in circumstances.
 {¶ 18} While we sympathize with R.M.'s desire to move back to Ohio and reside with his father, we are obligated to follow the standard under Ohio law for determining when a change in circumstances has occurred. We find no evidence of such a change. Although R.M. would prefer to reside in Ohio, the record reflects that R.M. has adjusted to his school and community in Flagstaff. The record is devoid of evidence of any significant changes in the parenting situation or in R.M.'s life since the prior decree was issued. See Davis, 77 Ohio St.3d at 418. We are mindful of the purpose of requiring a change in circumstances and we find that this decision will further the goal of preventing a constant relitigation of issues that have already been determined by the trial court. Saal, 146 Ohio App.3d at 582. We find that the trial court did not abuse its discretion in finding that no change in circumstances had occurred. Accordingly, Father's sole assignment of error is overruled.
 III. {¶ 19} Father's assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.
 Judgment affirmed. *Page 11 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
WHITMORE, P. J. CARR, J. CONCUR.
[1] As Father's motion for reallocation of parental rights and responsibilities was filed before R.C. 3109.04 was amended in April 11, 2005, we will utilize the version of R.C. 3109.04 in effect at the time Father's motion was filed in our disposition of this matter. Jilek v.Jilek (June 18, 1993), 6th Dist. Nos. L-92-305, L-92-304, at *1. *Page 1