DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant, Kristy Rice ("Mother"), appeals the judgment of the Lorain County Court of Common Pleas, Domestic Relations — Juvenile Divisions, which modified custody of the minor child S.H., ordering that Matthew Higgins ("Father") be designated as legal custodian and residential parent for school purposes. This Court reverses.
 I. {¶ 2} On April 5, 2004, Mother filed in the Lorain County Juvenile Court a notice of registration of the Florida court order to Father, pursuant to R.C. 3109.32. Attached was a copy of the July 26, 2002 final judgment entry of the *Page 2 
20th Judicial Circuit Court in and for Lee County, Florida, in which Father was adjudged to be the legal and natural father of S.H. The circuit court ordered that the parties would have shared parental responsibilities with Mother being the primary residential parent and Father being the secondary residential parent. The circuit court further established visitation and child support orders. Also on April 5, 2004, Mother filed a motion to show cause; a motion to modify visitation; and an ex parte motion to suspend visitation pending hearing, or in the alternative, a motion for ex parte restraining orders. Mother subsequently dismissed her motions for ex parte orders.
 {¶ 3} On July 8, 2004, the trial court adopted the Florida court order for purposes of enforcement and modification.
 {¶ 4} On February 3, 2005, Father filed a motion to modify parenting times. On February 18, 2005, Mother filed a motion to show cause regarding Father's alleged failure to pay child support, medical bills and school fees for the child. On September 30, 2005, the trial court dismissed the matter for lack of prosecution.
 {¶ 5} On March 21, 2006, Father filed a motion for an ex parte temporary restraining order; a motion to modify parental rights and responsibilities, for shared parenting and for child support; and a motion to show cause. The trial court granted Father's motion for an ex parte temporary restraining order the same day and scheduled the remaining issues for hearing. The trial court heard evidence *Page 3 
and testimony regarding Father's motions on September 13, 2006, and May 1, 2007. On August 17, 2007, the trial court issued a judgment entry in which it granted Father's motions, modifying the allocation of parental rights and responsibilities, designating Father as the legal custodian and residential parent for the child and establishing a visitation schedule and child support. Mother timely appeals, setting forth two assignments of error for review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT HELD THERE IS NO NECESSITY TO SHOW A CHANGE OF CIRCUMSTANCES SINCE THE LAST ORDER PURSUANT TO [R.C.] 3109.04(E)."
 {¶ 6} Mother argues that the trial court abused its discretion by failing to consider whether there had been a change in circumstances before it modified the prior decree allocating parental rights and responsibilities for the care of the minor child. This Court agrees.
 {¶ 7} A trial court's allocation of parental rights and responsibilities will not be reversed absent an abuse of discretion.Markley v. Markley, 9th Dist. No. 06CA0043, 2007-Ohio-886, at ¶ 8. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. *Page 4 
 {¶ 8} The Ohio Supreme recently addressed the issue of modifications of the allocation of parental rights and responsibilities, stating that "[o]nce a shared-parenting decree has been issued, R.C. 3109.04(E) governs" such modifications. Fisher v. Hasenjager, 116 Ohio St.3d 53,2007-Ohio-5589, at ¶ 11. The Fisher court specifically held that the designation of residential parent and legal custodian may only be modified under R.C. 3109.04(E)(1)(a), and not under R.C.3109.04(E)(2)(b), which only allows for the modification of terms of a shared parenting plan.
 {¶ 9} R.C. 3109.04(E)(1)(a) provides, in relevant part:
 "The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child."
 {¶ 10} The Ohio Supreme Court recently held:
 "A modification of the designation of residential parent and legal custodian of a child requires a determination that a `change in circumstances' has occurred, as well as a finding that the modification is in the best interest of the child." Fisher at syllabus.
 {¶ 11} In this case, the trial court expressly found R.C.3109.04(E)(1)(a) inapplicable and refused to hear any evidence or argument regarding a change in circumstances, finding instead that R.C.3109.04(E)(2) applied. On the authority of Fisher, the trial court abused its discretion when it applied R.C. 3109.04(E)(2) in lieu of R.C.3109.04(E)(1)(a) and failed to consider whether a change of *Page 5 
circumstances had occurred prior to modifying the parties' allocation of parental rights and responsibilities. Mother's first assignment of error is sustained.
 ASSIGNMENT OF ERROR II "THE COURT ERRED AND ABUSED ITS DISCRETION WHEN IT IS (sic) MISAPPLIED THE FACTORS CONTAINED IN [R.C.] 3109.04(F)(1)(A-J) IN DETERMINING THE BEST INTERESTS OF THE MINOR CHILD."
 {¶ 12} As this Court's resolution of the first assignment of error is dispositive of the appeal, we decline to address the remaining assignment of error as moot. See App.R. 12(A)(1)(c).
 III. {¶ 13} Mother's first assignment of error is sustained. This Court declines to address the remaining assignment of error. The judgment of the Lorain County Court of Common Pleas, Domestic Relations — Juvenile Divisions, is reversed and the cause remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27. *Page 6 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellee.
SLABY, J. CONCURS