OPINION
{¶ 1} Plaintiff-appellant Michelle (Dyke) Blasko appeals from a decision of the Montgomery County Court of Common Pleas, Domestic Relations Division, overruling in part her objections to a magistrate's decision and modifying the parties' visitation schedule. Blasko contends that the trial court erred in ordering that defendant-appellee Daniel L. Dyke have telephone contact with their minor children every evening of the week. We conclude that the trial court did not abuse its discretion in ordering that Dyke have telephone contact with the children every evening of the week. The trial court considered the factors set forth in R.C. 3109.051(D) and determined, using its sound discretion, the visitation that is in the best interests of the children. Accordingly, the judgment of the trial court is affirmed.
 I {¶ 2} Michelle (Dyke) Blasko and Daniel Dyke were divorced in March, 2001. Pursuant to the final judgment and decree of divorce, Blasko was designated as the residential parent and legal custodian of the parties' three minor children. Dyke was granted visitation with the children on alternating weekends from Saturday at 12:00 p.m. until Monday at 4:30 p.m. and holiday visitation pursuant to the Montgomery County Standard Order of Visitation. The final judgment and decree of divorce also scheduled a review hearing on the matter of visitation for June, 2001.
 {¶ 3} After the review hearing in June, 2001, the magistrate modified Dyke's visitation with the children to permit a mid-week visitation on alternating Mondays from 12:30 p.m. to 4:30 p.m. as well as an extended visitation during summer vacation for three weeks in one week increments.
 {¶ 4} In July, 2001, Blasko moved for supervised visitation, which was later dismissed by the magistrate after a hearing. The magistrate also ordered that Dr. Rebecca Hannah conduct a psychological evaluation of both parties to identify any problems which could affect the parent-child relationship. Blasko filed objections to the magistrate's decision and permanent order in the trial court. In February, 2002, the trial court remanded the matter of visitation for further proceedings before the magistrate, at which time Dr. Hannah's psychological evaluations could be taken into consideration. In June, 2002, the magistrate further modified Dyke's visitation to a bi-monthly basis at Erma's House, to be arranged by Erma's House, and on alternating Sundays from 1:00 p.m. to 6:00 p.m., to be exercised in the presence of the paternal grandparents of the children. The magistrate also ordered Dyke to participate in individual counseling as well as the counseling of his oldest minor child.
 {¶ 5} In September, 2002, Dyke moved for increased visitation, which was later granted by the magistrate after a hearing in November, 2002. The magistrate ordered that Dyke could call the children at 8:00 p.m. each night, and that the calls should not exceed twenty minutes in duration on school nights. The magistrate also modified the supervised holiday visitation time. Blasko filed objections to the magistrate's decision, which she later supplemented. The trial court overruled Blasko's objections regarding the holiday visitation, but sustained Blasko's objections regarding the times of Dyke's telephone contacts with the children. The trial court ordered that Dyke could call the children at 7:00 p.m. on Monday, Friday, Saturday and Sunday and between 7:30 and 7:45 p.m. on Tuesday, Wednesday, and Thursday, with calls not to exceed twenty minutes in duration on school nights. From this order, Blasko appeals.
 II {¶ 6} Blasko's sole Assignment of Error is as follows:
 {¶ 7} "A TRIAL COURT ERRS IN ORDERING THAT A NON-RESIDENTIAL PARENT WHO OTHERWISE HAS PARENTING TIME LIMITED TO SUPERVISED VISITATION SIX HOURS ON ALTERNATING SUNDAYS TO HAVE TELEPHONE CONTACT WITH THE MINOR CHILDREN EACH AND EVERY NIGHT."
 {¶ 8} Blasko contends that the trial court erred in ordering that Dyke have telephone contact with their minor children every evening of the week, because his visitation is limited to supervised visitation, which Dyke has made no effort to participate in. Blasko also contends that Dyke's disregard for previous court orders, including not attending independent counseling or counseling for his oldest minor child, should prevent the allowance of increased telephone contact with the children. Blasko further contends that requiring her and the children to be home every night for the telephone contact places a great burden on them and forces her "to be a prisoner in her own home," preventing her and the children from participating in many activities and events. Based on the foregoing reasons, Blasko contends that the trial court abused its discretion in ordering that Dyke have telephone contact with the children every evening of the week, and requests that Dyke be limited to reasonable telephone contact with the children, consistent with the Montgomery County Standard Order of Visitation.
 {¶ 9} When modifying visitation, the trial court must consider the factors set forth in R.C. 3109.051(D) and determine, using its sound discretion, the visitation that is in the best interests of the children. Braatz v. Braatz, 85 Ohio St.3d 40, 45, 1999-Ohio-203,706 N.E.2d 1218 (citations omitted). The trial court has broad discretion in modifying visitation as long as its decision is "just and reasonable."Utz v. Hatton, Montgomery App. No. 17240, 1999 WL193263, at *3 (citation omitted). The abuse of discretion standard is used to review a trial court's decision to modify visitation. Id. A trial court abuses its discretion when it makes a decision that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140 (citations omitted). "When applying an abuse of discretion standard, a reviewing court is not free to merely substitute its own judgment on factual or discretionary issues for that of the trial court. A reviewing court will presume that the trial court considered relevant statutory factors in the absence of evidence to the contrary."Minoughan v. Minoughan, Montgomery App. No. 18089, 2000 WL 799737, at *2 (internal citations omitted).
 {¶ 10} In considering the factors set forth in R.C. 3109.051(D), the trial court determined that telephone contact was in the best interests of the children as "[t]estimony by defendant's family indicated that the parenting time was proceeding well at that time. There was no competent, probative evidence indicating that defendant had done anything inappropriate with the children during his supervised visitation. Defendant was also seeking assistance in exercising telephone contact with the children. Testimony in the case indicated that the children would be available on Tuesday, Wednesday and Thursdays after 7:30 and Monday, Friday, Saturday and Sunday at 7:00 p.m." The trial court further concluded that "the evidence shows that the children enjoy their time with their father." After reviewing the magistrate's decision, the trial court found that there was a typographical error, and then proceeded to modify the time of Dyke's telephone contact with the children based on the testimony in the transcript of the November, 2002, hearing before the magistrate.
 {¶ 11} The record supports the findings of the trial court. At the November, 2002, hearing before the magistrate, Dyke testified that he was requesting an order permitting him to have telephone contact with the children every night, so that he could be a father to them and be there for them. Dyke's mother, Marcella Dyke, and Dyke's aunts, Lola Mae Erbaugh and Dorothy Kuck, testified regarding Dyke's interactions with the children based on their observations during Dyke's visitation with the children. Marcella Dyke testified that the children enjoy being with their father, that no inappropriate interactions took place during any visitation, and that the children requested more time with their father. Lola Mae Erbaugh testified that Dyke was very kind and loving with the children. Dorothy Kuck testified that the children had fun and were happy with Dyke, that Dyke related well with his children, and that the visitations went well.
 {¶ 12} As a witness on behalf of Blasko, Dr. Steven Edward Liptak, psychologist of the oldest minor child, testified that the oldest child seemed to be doing well and appeared happy. Dr. Liptak had determined that there was no inappropriate behavior by Dyke, in regard to two particular incidents with the oldest child. Dr. Liptak testified that the oldest child had indicated she would like to spend more time with her father and that she is attached to her father.
 {¶ 13} Although Blasko testified that telephone contact every night of the school week would be difficult, she did testify that every night during the summer had not been a problem. Blasko also testified that the children go to bed at 8:00 p.m., but would be available for telephone contact at 7:00 at night with the exception of Tuesday, Wednesday and Thursday. Blasko testified that the children had dance class on those nights, but would be available for telephone contact at 7:30 p.m.
 {¶ 14} Based on the foregoing evidence, it is clear that the trial court considered the factors set forth in R.C. 3109.051(D) and determined, using its sound discretion, the visitation that is in the best interests of the children. We cannot conclude that the trial court was unreasonable, arbitrary or unconscionable in reaching its decision.
 {¶ 15} Regarding Blasko's contention that requiring her and the children to be home every night for the telephone contact places a great burden on them, the trial court did not order that Blasko and the children be home every night for the telephone contact. The trial court ordered that "[t]he children shall be made available for the calls from the defendant and plaintiff shall cooperate in having them present to receive the calls."
 {¶ 16} Regarding Blasko's request that Dyke be limited to reasonable telephone contact with the children, consistent with the Montgomery County Standard Order of Visitation, we conclude that "the fact that the visitation exceeds the amount set in the standard visitation order is of no consequence in this case. A court has the discretion to deviate from its standard visitation order. R.C.3109.051(F)(2). In deciding whether to deviate from the standard order a court must consider the factors set out in R.C. 3109.051(D)." Utz, Montgomery App. No. 17240, 1999 WL193263, at *4. Again, it is clear that the trial court considered the factors set forth in R.C. 3109.051(D) and determined, using its sound discretion, that the relevant factors supported a modification of the standard. Thus, we cannot conclude that the deviation was an abuse of discretion.
 {¶ 17} We conclude that the trial court did not abuse its discretion in ordering that Dyke have telephone contact with the children every evening of the week.
 {¶ 18} Blasko's sole Assignment of Error is overruled.
 III {¶ 19} Blasko's sole Assignment of Error having been overruled, the judgment of the trial court is affirmed.
YOUNG, J., concurs.