[Cite as *Bonner v. Deselm-Bonner*, 2011-Ohio-2348.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| SHAWN A. BONNER | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| Plaintiff-Appellant | |
| -vs- | |
| | Case No. 10CA000033 |
| COURTNEY DESELM-BONNER<br>(NKA FLANIGAN) | |
| | O P I N I O N |
| Defendant-Appellee | |

CHARACTER OF PROCEEDING:          Appeal from the Guernsey County
                                                        Domestic Relations Court, Case No.
                                                        02-DR-57

JUDGMENT:                                       Affirmed

DATE OF JUDGMENT ENTRY:        May 13, 2011

APPEARANCES:

For Plaintiff-Appellant                      For Defendant-Appellee

BARRY H. WOLINETZ                      JACQUELINE TRESL
KELLY M. GWIN                               1500 Cowden Road
Wolinetz Law Offices, LLC               New Concord, OH 43762
250 Civic Center Drive, Suite 100
Columbus, OH 34215

*Hoffman, J.*

{¶1}   Plaintiff-appellant Shawn A. Bonner appeals the August 23, 2010 Findings of Fact/Conclusions of Law/Judgment Entry entered by the Guernsey County Court of Common Pleas, Domestic Relations Division, which overruled his motion to reallocate parental rights.  Defendant-appellee is Courtney Deselm-Bonner (nka Flanigan).

STATEMENT OF THE CASE AND FACTS

{¶2}   Appellant and Appellee were married on June 18, 1999, in Warren, Ohio. Three children were born as issue of the union, to wit: Tyler (DOB 4/21/98), Shane (DOB 11/29/99) and Jevon (DOB 11/14/01). Appellant and Appellee are both doctors of osteopathic medicine. The parties are of different racial heritages.

{¶3}   Appellant filed a Complaint for Divorce in the Muskingum County Court of Common Pleas on December 19, 2001. Appellee filed a motion to dismiss for improper venue or, in the alternative, a motion to transfer to Guernsey County. Appellee's motion for the transfer was granted. Upon transfer, Appellee filed an answer and counterclaim. The trial court granted the parties a divorce via Judgment Entry filed November 5, 2002. Appellee was designated as the residential parent and legal custodian of the parties' minor children while Appellant was awarded parenting time.

{¶4}   Appellee remarried in June, 2004, to Jackson Flanigan, a medical doctor. Flanigan and his 13 year old son, Trevor, moved into the household with Appellee and the children. On July 12, 2004, Appellant filed a Motion to Modify Parental Rights and Responsibilities, alleging there had been "a number of substantial changes in the circumstances of [Appellee] and the minor children ..." On September 10, 2004, Appellee filed a Motion to Modify Parental Rights and Responsibilities, alleging there

had been "a number of substantial changes in the circumstances of [Appellant] and the minor children ..." The trial court appointed a guardian ad litem for the minor children. Following a hearing, the trial court denied Appellant's motion and modified the parenting schedule. The trial court memorialized its decision via Judgment Entry filed on December 30, 2005.

{¶5} On January 12, 2006, Appellant filed a Motion for New Trial pursuant to Civ.R. 59. The next day, Appellee filed a Motion for Relief from Judgment pursuant to Civ.R. 60(A), asking the trial court to clarify its December 30, 2005 ruling with respect to Appellant's parenting time. Pursuant to an Entry filed on March 14, 2006, the trial court denied Appellant's motion. In a separate Entry filed the same day, the trial court clarified its December 30, 2005 Journal Entry with respect to parenting time. Appellant appealed to this Court. We affirmed the trial court's denial of Appellant's motion to modify parental rights and responsibilities, but reversed and remanded the matter to the trial court to apply the correct statute in its consideration of the modification of parenting time. *Bonner v. Deselm-Bonner*, Guernsey App. No. 06CA15, 2007-Ohio-2173. The trial court issue a judgment entry on July 24, 2007, modifying Appellant's parenting time.

{¶6} Appellant filed a motion to modify parental rights and responsibilities on May 12, 2008, which he later voluntarily dismissed. On August 15, 2008, Appellant filed another motion seeking to reallocate parental rights. Via Judgment Entry filed November 12, 2008, the trial court ordered counseling for the minor children. Appellant withdrew his August 15, 2008 motion. According to Appellant, Appellee did not obey the trial court's order regarding counseling for the children. As such, on October 16, 2009, Appellant again filed a motion to reallocate parental rights. Appellant alleged an

unstable and volatile relationship between Appellee and Flanigan, which was negatively affecting the children; aggressive, inappropriate behavior toward the children by Flanigan; alcohol consumption by Appellee; and questionable judgment used by Appellee. On October 26, 2009, Appellant filed a motion to reappoint the guardian ad litem. The trial court granted the request for reappointment on October 27, 2009.

{¶7} The guardian ad litem filed her initial report on June 15, 2010, and an amended report on June 17, 2010, which changed two words. On August 3, 2010, Appellee filed a motion asking the trial court to order Appellant's parenting time be supervised or, in the alternative, to order Appellant, during his parenting time, to return the children to Appellee at least two hours before any scheduled event/activity. Appellee also asked the trial court to terminate Appellant's overnight parenting time on school nights. The guardian ad litem filed a supplemental report on August 12, 2010. The matter came on for hearing on June 21, 2010, and August 16, 2010. The trial court conducted an in-camera interview with the children prior to the commencement of the August 16, 2010 hearing. A transcript of the interview is filed under seal. A total of 18 witnesses, including Appellant and Appellee, testified.

{¶8} Via Findings of Fact/Conclusions of Law/Judgment Entry filed August 23, 2010, the trial court denied Appellant's motion to reallocate parental rights.

{¶9} It is from this judgment entry Appellant appeals, raising the following assignments of error:

{¶10} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION WHEN IT DENIED FATHER'S MOTION TO BE DESIGNATED LEGAL CUSTODIAN OF THE PARTIES' MINOR CHILDREN.

**{¶11}** "II. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION WHEN IT FAILED TO FOLLOW ORC 3109.051 IN DETERMINING WHETHER A MODIFICATION OF PARENTING TIME IS IN THE CHILDREN'S BEST INTEREST."

I

**{¶12}** In his first assignment of error, Appellant maintains the trial court erred and abused its discretion in denying his request to be designated the legal custodian of the parties' minor children.

**{¶13}** R.C. 3109.04(E)(1) governs a modification of a prior custody decree, and provides:

**{¶14}** "(E)(1)(a) The court shall not modify a prior decree allocating parental rights and responsibilities for the care of children unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, the child's residential parent, or either of the parents subject to a shared parenting decree, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the residential parent designated by the prior decree or the prior shared parenting decree, unless a modification is in the best interest of the child and one of the following applies:

**{¶15}** "(i) The residential parent agrees to a change in the residential parent or both parents under a shared parenting decree agree to a change in the designation of residential parent.

**{¶16}** "(ii) The child, with the consent of the residential parent or of both parents under a shared parenting decree, has been integrated into the family of the person seeking to become the residential parent.

**{¶17}** "(iii) The harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child."

**{¶18}** A trial court's decision to modify custody pursuant to this statute will not be disturbed on appeal absent an abuse of discretion. This standard of review is applied because it is imperative trial courts are given wide latitude in these cases.

**{¶19}** In *Davis v. Flickinger,* the Ohio Supreme Court examined the trial court's role in addressing modification issues:

**{¶20}** "In determining whether a 'change' has occurred, we are mindful that custody issues are some of the most difficult and agonizing decisions a trial judge must make. Therefore, a trial judge must have wide latitude in considering all the evidence before him or her-including many of the factors in this case-and such a decision must not be reversed absent an abuse of discretion." Id.(Citation omitted).

**{¶21}** The reason for this standard of review is that the trial judge has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page. Id. "A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not. The determination of credibility of testimony and

evidence must not be encroached upon by a reviewing tribunal* * *." *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St.3d 77, 81.

**{¶22}** Upon review of the record, we find the trial court did not abuse its discretion in denying Appellant's motion to reallocate parental rights. Appellant stresses the volatile nature of Appellee and Flanigan's relationship as well a sexual abuse incident involving Flanigan's son and two of the minor children as evidence a change in circumstances had occurred and modification was necessary. While we agree with Appellant these events could negatively impact the children, we find no record demonstration the situations herein had a material effect on the children to warrant modification. See, *Davis*, supra at 417-18. The guardian ad litem reported the issues between Appellee and Flanigan were being resolved through marriage counseling, the step-brother had been removed from the home, and the children were doing well in school and were happy living with Appellee and Flanigan. Alternatively, Appellee presented evidence Appellant used foul language in front of the children, acted aggressively, and often did not have the children prepared for school and extracurricular activities.

**{¶23}** Appellant's first assignment of error is overruled.

II

**{¶24}** In his second assignment of error, Appellant contends the trial court erred and abused its discretion in failing to consider the factors set forth in R.C. 3109.051 in determining whether a modification of parenting time was in the children's best interest. R.C. 3109.051(D) provides:

**{¶25}** "(D) In determining whether to grant parenting time to a parent pursuant to this section or section 3109.12 of the Revised Code or companionship or visitation rights to a grandparent, relative, or other person pursuant to this section or section 3109.11 or 3109.12 of the Revised Code, in establishing a specific parenting time or visitation schedule, and in determining other parenting time matters under this section or section 3109.12 of the Revised Code or visitation matters under this section or section 3109.11 or 3109.12 of the Revised Code, the court shall consider all of the following factors:

**{¶26}** "(1) The prior interaction and interrelationships of the child with the child's parents, siblings, and other persons related by consanguinity or affinity, and with the person who requested companionship or visitation if that person is not a parent, sibling, or relative of the child;

**{¶27}** "(2) The geographical location of the residence of each parent and the distance between those residences, * * *;

**{¶28}** "(3) The child's and parents' available time, including, but not limited to, each parent's employment schedule, the child's school schedule, and the child's and the parents' holiday and vacation schedule;

**{¶29}** "(4) The age of the child;

**{¶30}** "(5) The child's adjustment to home, school, and community;

**{¶31}** "(6) If the court has interviewed the child in chambers, pursuant to division (C) of this section, regarding the wishes and concerns of the child as to parenting time by the parent who is not the residential parent or companionship or visitation by the grandparent, relative, or other person who requested companionship or visitation, as to

a specific parenting time or visitation schedule, or as to other parenting time or visitation matters, the wishes and concerns of the child, as expressed to the court;

**{¶32}** "(7) The health and safety of the child;

**{¶33}** "(8) The amount of time that will be available for the child to spend with siblings;

**{¶34}** "(9) The mental and physical health of all parties;

**{¶35}** "(10) Each parent's willingness to reschedule missed parenting time and to facilitate the other parent's parenting time rights, * * *;

**{¶36}** " * * *

**{¶37}** "(16) Any other factor in the best interest of the child."

**{¶38}** The central focus of any visitation order is the best interests of the children. *Kelm v. Kelm* (2001), 92 Ohio St.3d 223, 226, 749 N.E.2d 299. "A trial court may limit or restrict visiting rights of a party in order to further the child's best interest." *Callender v. Callender,* 7th Dist. No. 03–CA–790, 2004–Ohio–1382, at ¶ 31. The court has the "power to restrict the time and place of visitation, to determine the conditions under which visitation will take place and to deny visitation rights altogether if visitation would not be in the best interests of the child." *Id.,* quoting *Anderson v. Anderson,* 147 Ohio App.3d 513, 2002–Ohio–1156, 771 N.E.2d 303, at ¶ 18, and *Jannetti v. Nichol* (May 12, 2000), 7th Dist. No. 97 CA 239.

**{¶39}** If it is clear from the record the court considered the factors in R.C. 3109.051, even if the statute or the factors are not specifically referenced, we will not find an abuse of discretion. *Troyer v. Troyer,* 7th Dist. No. 09 JE 5, 2010–Ohio–3276, at ¶ 36, 188 Ohio App.3d 543, 936 N.E.2d 102. "[I]t is not an abuse of discretion when it

appears from the journal entry that some of the factors under that section were addressed." *Bernard v. Bernard* (Jan. 30, 2002), 7th Dist. No. 00 CO 25. Even when the trial court cites the wrong statute as the basis of the factors it is considering, if the record reveals that the proper factors were considered, the trial court's judgment regarding visitation will be affirmed. *Campana v. Campana,* 7th Dist. No. 08 MA 88, 2009–Ohio–796, ¶ 51; see also, *Troyer,* supra, at ¶ 36.

{¶40} Here, the trial court does not explicitly refer to the R.C. 3109.051(D) factors in its judgment entry. Nonetheless, it is clear from the record the trial court did, in fact, consider the factors. The record reveals a great deal of conflict caused by Appellant during drop-offs and pick-ups surrounding visitation. Appellant did not return the children's school materials, sporting equipment, and musical instruments when he returned them to Appellee after his visits. This caused a great deal of anxiety for the children. Further, Appellant did not establish the current visitation schedule was no longer in the children's best interest.

{¶41} Appellant's second assignment of error is overruled.

**{¶42}** The judgment of the Guernsey County Court of Common Pleas is affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Wise, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN


s/ John W. Wise_____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

SHAWN A. BONNER                               :
                                              :
    Plaintiff-Appellant                  :
                                              :
-vs-                                          :              JUDGMENT ENTRY
                                              :
COURTNEY DESELM-BONNER                        :
(NKA FLANIGAN)                                :
                                              :
    Defendant-Appellee                   :              Case No. 10CA000033


For the reasons stated in our accompanying Opinion, the judgment of the

Guernsey County Court of Common Pleas is affirmed.  Costs assess to Appellant.



s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN


s/ W. Scott Gwin _____
HON. W. SCOTT GWIN


s/ John W. Wise _____
HON. JOHN W. WISE