[Cite as *Pirkel v. Pirkel*, 2014-Ohio-4327.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| LISA PIRKEL | | C.A. No. 13CA010436 |
| Appellant/Cross-Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| THEODORE PIRKEL | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee/Cross-Appellant | | CASE No. 06 DU 066473 |

DECISION AND JOURNAL ENTRY

Dated: September 30, 2014

CARR, Judge.

{¶1} Appellant, Lisa Pirkel, appeals an order that granted additional parenting time to appellee, Theodore Pirkel. Mr. Pirkel cross-appeals other aspects of the trial court's order. This Court affirms.

I.

{¶2} Theodore and Lisa Pirkel divorced in 2007, and they are the parents of two young children. The divorce decree, which incorporated the terms of the parties' separation agreement, designated Ms. Pirkel as the children's residential parent and legal custodian and provided that Mr. Pirkel would have parenting time "Sundays from noon to six o'clock pm and open similar visitation for the same time period during the week to be agreed upon by both parties with 48 hours notice." Mr. Pirkel moved to modify the parenting time schedule less than one year after the decree was entered, and the trial court expanded his parenting time as follows:

Father shall have parenting time with the minor children each Sunday from 9:00 a.m. until 6:00 p.m. Father shall have two midweek visits from noon until 6:00

p.m. to be scheduled by agreement of the parties upon 48 hours notice. In the event the parties can't agree, said midweek visits shall take place on Tuesday and Thursday. Holidays shall continue to be alternated as previously ordered except that Father shall have the children from 9:00 a.m. until 6:00 p.m.

IT IS FURTHER ORDERED that after six months of Father exercising consistent Sunday parenting time, Father's parenting time shall be expanded and modified as follows: Father shall have parenting time on alternating weekends from Saturday at 9:00 a.m. until Sunday at 6:00 p.m. and one midweek visit from noon until 6:00 p.m. to be scheduled by agreement of the parties upon 48 hours notice. In the event the parties can't agree, said midweek visit shall take place on Wednesday. Once the children start school, said midweek visit shall take place from immediately after school until 6:00 p.m. for the child attending school, while school is in session, and remain noon until 6:00 p.m. for the child not attending school. Holidays shall continue to be alternated as set forth above.

The parties continued to dispute the parenting time schedule with increasing vitriol. In 2010, Mr. Pirkel moved the trial court to designate a location for parenting exchanges, which had become a matter of considerable friction between the parties and their extended families. A few months later, Ms. Pirkel moved to terminate or modify the parenting time schedule. In June 2011, the trial court ordered that all parenting exchanges were to occur curbside at Ms. Pirkel's residence with no contact between the parties or their families and denied Ms. Pirkel's motion. In considering the motion, the magistrate observed that "[Ms. Pirkel] presented evidence that [Mr. Pirkel's] parenting style is considerably different than hers; however there was no testimony that any of his decision had lead to a degree of harm necessary to terminate or restrict his parenting time."

{¶3}    Not long after that order, Mr. Pirkel filed another motion to modify his parenting time. This time, he specifically requested that the trial court implement Lorain County's standard parenting time schedule. The trial court denied that motion. A few months later, Mr. Pirkel filed another similar motion. The trial court granted Mr. Pirkel's motion in part, ordering that his parenting time should include alternating weekends, expanded mid-week visits, and

extended visits during summer vacation. The trial court also imposed some additional terms on the parenting time:

> [Mr.Pirkel] is to ensure that the children attend their schedule extra-curricular events during the times that they are in his possession; all pick-ups and drop-offs are to be done by [Mr. Pirkel], or a licensed driver familiar to the children, at [Ms. Pirkel]'s curb-side, or other designated location by [Ms. Pirkel]; no person shall be under the influence of alcoholic beverages while transporting the children and the children shall only be transported in vehicles equipped with any necessary safety seats for the children.

The trial court overruled both parties' objections, and this appeal and cross-appeal followed.

II.

### ASSIGNMENT OF ERROR I

WHETHER A NON-CUSTODIAL PARENT MUST PROVE A CHANGE IN CIRCUMSTANCES PURSUANT TO OHIO REV. CODE §3109.04(E)(1)(A) TO JUSTIFY A CHANGE IN THE PARENTING TIME AWARDED IN THE DIVORCE DECREE.

{¶4} Ms. Pirkel's first assignment of error is that the trial court erred by granting Mr. Pirkel's motion to modify his parenting time without requiring him to demonstrate a change in circumstances under R.C. 3109.04(E)(1)(a). We disagree.

{¶5} Under R.C. 3109.04(E)(1)(a), a trial court cannot "modify a prior decree allocating parental rights and responsibilities for the care of children" without first finding a change in circumstances since the decree was entered. The allocation of "parental rights and responsibilities" to which this statute refers means "the right to ultimate legal and physical control of a child" as distinguished from visitation or parenting time. *Braatz v. Braatz*, 85 Ohio St.3d 40, 44 (1999), quoting *In re Gibson*, 61 Ohio St.3d 168, 171 (1991). Consequently, when one parent is the legal custodian, modifications to a schedule of parenting time are governed not by R.C. 3109.04(E)(1)(a), but by R.C. 3109.051, and "[t]he party requesting a change * * * need make no showing that there has been a change in circumstances[.]" *Braatz* at paragraphs one

and two of the syllabus. The Ohio Supreme Court has also recognized this distinction in the context of shared parenting. In that situation, a decree entered under R.C. 3109.04(D)(1)(d) that allocates parental rights by ordering shared parenting is subject to R.C. 3109.04(E)(1)(a) and can only be modified upon a finding of changed circumstances. *Fisher v. Hasenjager*, 116 Ohio St.3d 53, 2007-Ohio-5589, ¶ 29-37. The terms of a shared parenting plan that "detail[] the implementation of the court's shared parenting order," however, are subject to R.C. 3109.04(E)(2)(b), and no change of circumstances is required. *Id*.

{¶6} This Court has implicitly recognized that there is a difference between modification of parenting time in the context of shared parenting and modification of parenting time when one parent has been designated legal custodian. When a shared parenting plan is in place, we have concluded that modification of parenting time is a "request to modify the allocation of parental rights and responsibilities." *Gunderman v. Gunderman*, 9th Dist. Medina No. 08CA0067-M, 2009-Ohio-3787, ¶ 23. In that situation, this Court has held that a motion to modify parenting time is appropriately analyzed under R.C. 3109.04(E)(1)(a), and the movant must demonstrate a change in circumstances. *Id*. at ¶ 22-25. *See also Sypherd v. Sypherd*, 9th Dist. Summit No. 25815, 2012-Ohio-2615, ¶ 9 (summarizing the holding in *Gunderman* as "when shared parenting continues but there is a significant modification in the allocation of parenting time between the parents, the modification must comply with the requirements of R.C. 3109.04(E)(1)(a)."). On the other hand, we have consistently held – in accordance with *Braatz* – that in the absence of a shared parenting plan, motions to modify parenting time are analyzed under R.C. 3109.051, and no change in circumstances is necessary. *King v. Carleton*, 9th Dist. Lorain No. 13CA010374, 2013-Ohio-5781, ¶ 22; *Szymczak v. Tanner*, 9th Dist. Medina No. 10CA0101-M, 2012-Ohio-540, ¶ 19; *Smith v. McLaughlin*, 9th Dist. Summit No. 24890, 2010-

Ohio-2739; *Christian v. Johnson*, 9th Dist. Summit No. 24327, 2009-Ohio-3863, ¶ 16; *Morrow v. Becker*, 9th Dist. Medina No. 07CA0054-M, 2008-Ohio-155, ¶ 11; *Holcomb v. Holcomb*, 9th Dist. Lorain No. 01CA007795, 2001 WL 1147856, * 7 (Sept. 26, 2001).[1]

{¶7} When the Pirkels divorced, the trial court did not allocate parental rights and responsibilities in accordance with a shared parenting plan. Accordingly, *Braatz* is applicable to this case rather than *Gunderman*, and the trial court was not required to find that a change in circumstances had occurred before modifying Mr. Pirkel's parenting time. Ms. Pirkel's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE [TRIAL] COURT ERRED WHEN IT FOUND THE MAGISTRATE DID NOT ABUSE HIS [DISCRETION] BY FINDING IT WAS IN THE BEST INTERESTS OF THE [CHILDREN] TO INCREASE THEODORE PIRKEL'S PARENTING TIME.

{¶8} Ms. Pirkel's second assignment of error argues that the trial court abused its discretion by increasing Mr. Pirkel's parenting time when, she maintains, the evidence at trial demonstrated that doing so placed the children's safety at risk. We disagree.

{¶9} When a trial court determines parenting time under R.C. 3109.051, it must do so consistent with the best interests of the children involved with consideration of the factors mentioned in R.C. 3109.051(D). *Braatz*, 85 Ohio St.3d 40 at paragraph two of the syllabus. These factors, as pertinent in this case, include the relationships between the children and their siblings and other family members; the parties' geographic proximity to one another; the respective scheduling demands of the parents and children; the age of the children, their

---

[1] It appears that Ms. Pirkel's argument may actually reflect frustration with the fact that Mr. Pirkel has filed repeated motions to modify his parenting time. In this respect, we note that when repeated motions are filed, the trial court has discretion to resolve them appropriately in the context of the case at hand.

adjustments to home, school, and community, and their wishes as expressed in camera; the health and safety of the children and the mental and physical health of all parties; the availability of time spent with siblings; and each parent's respect for maintaining the schedule of parenting time and facilitating makeup time. R.C. 3109.051(D). A trial court need not make explicit reference to these factors provided that it is apparent from the record that the factors were considered. *Ross v. Ross*, 9th Dist. Summit No. 26106, 2012-Ohio-2175, ¶ 8, citing *Bonner v. Deselm–Bonner*, 5th Dist. Guernsey No. 10CA000033, 2011-Ohio-2348, ¶ 39. We review a decision regarding parenting time for an abuse of discretion. *Harrold v. Collier*, 9th Dist. Wayne No. 06CA0010, 2006-Ohio-5634, ¶ 6, citing *Booth v. Booth*, 44 Ohio St.3d 142, 144 (1989).

{¶10} Ms. Pirkel has argued that the trial court abused its discretion in increasing Mr. Pirkel's parenting time because the decision to do so places the children in danger. The testimony in this case demonstrated that the children have a positive relationship with one another and with their older half-sister, who resides with Mr. Pirkel, and with their stepmother, Kathleen Pirkel. With respect to their relationship with Mr. Pirkel, the parties' respective witnesses, understandably, disagreed. Mr. Pirkel and his wife testified that they enjoy a solid relationship with the children, who enjoy their visits, and that the children seem happy and well-adjusted. Mr. Pirkel called several family acquaintances as witnesses, each of whom testified consistent with this position. On the other hand, Ms. Pirkel testified that the children are at best complacent and, with respect to her daughter, resistant to visiting with their father. According to Ms. Pirkel, their behavior is "unruly" after visiting their father. Like Mr. Pirkel, Ms. Pirkel called several witnesses, each of whom supported her position, although one agreed that she had no reason to believe that the children's behavior was a consequence of spending time with their father. The children are well adjusted to school and home, and the parties each live in a close

proximity to one another and to the children's school. With respect to the existing parenting time schedule, Mr. Pirkel and his wife testified that Ms. Pirkel has rarely permitted him to make up missed parenting time. Ms. Pirkel's own testimony confirmed this assessment. Kathleen Pirkel also explained that although her husband has requested additional parenting time in the past, Ms. Pirkel has not accommodated his requests.

{¶11} Ms. Pirkel also presented the testimony of two witnesses who described incidents in which they believed that Mr. Pirkel behaved inappropriately in the presence of the children. Diana Roche, a friend of Ms. Pirkel, testified that she was present at a party during which Mr. Pirkel gave children rides in a "go cart slash four wheeler," appeared to have been consuming alcohol, and used vulgar language in front of her son and his own. Ms. Pirkel's mother, Laurie Flanigan, described an altercation between her husband and Mr. Pirkel in which Mr. Pirkel displayed threatening behavior. Ms. Pirkel herself, however, testified that she had no personal knowledge of harm to the children since the last parenting time modification and that she had no reason to believe Mr. Pirkel's home to be unsafe. The trial court limited testimony to events occurring after the last modification of the parenting time schedule in April 2011, but Ms. Pirkel did not proffer any evidence related to earlier events and, in any event, has not assigned error to the trial court's limitation of the evidence. Having considered the testimony at trial, as well as the trial court's in camera interviews of the children, we cannot conclude that the trial court's decision to expand Mr. Pirkel's visitation was arbitrary, unreasonable, or unconscionable. Ms. Pirkel's second assignment of error is overruled.

## CROSS-ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN FAILING TO AWARD TO [MR. PIRKEL] A PARENTING TIME SCHEDULE THAT WAS AT LEAST CONSISTENT WITH THE TRIAL COURT'S STANDARD PARENTING TIME ORDER.

**{¶12}** Mr. Pirkel's first cross-assignment of error is that the trial court erred by modifying his parenting time, but maintaining it at a level less than the standard parenting time order adopted by the Lorain County Court of Common Pleas. Specifically, Mr. Pirkel has argued that the trial court was required to award him parenting time consistent with the standard order unless Ms. Pirkel demonstrated that a deviation was warranted. In other words, Mr. Pirkel has suggested that R.C. 3901.051(F)(2) actually operates in a manner that creates a rebuttable presumption in favor of the standard parenting time order. We disagree.

**{¶13}** Under R.C. 3109.051(F)(2), every court of common pleas must adopt a rule that sets forth standard guidelines for parenting time. Courts retain the discretion, however, to deviate from the standard parenting time guidelines upon consideration of the factors set forth in R.C. 3109.051(D). R.C. 3109.051(F)(2). A trial court's discretion to fashion a parenting time schedule that is appropriate in each case is broad:

> R.C. 3109.051(A) specifically charges the court to "ensure the opportunity for both parents to have frequent and continuing contact with the child." Although the court is required to have a default parenting schedule, nothing in the statute requires the automatic imposition of the local schedule. The statute expressly reserves the trial court's discretion to tailor the parenting time schedule. The factors included in part (D) of the statute require the court to make a wide-ranging analysis of each individual situation before determining the appropriate amount of parenting time.

*Mogg v. McCloskey*, 7th Dist. Mahoning No. 12 MA 24, 2013-Ohio-4358, ¶ 31. Along these lines, the Supreme Court of Ohio has also emphasized that it is within a court's discretion to fashion a parenting time schedule that deviates from its standard schedule and that a deviation, standing alone, does not mean that a parenting time schedule is unjust and unreasonable. *Appleby v. Appleby*, 24 Ohio St.3d 39, 41 (1986). *See*, *e.g.*, *Blasko v. Dyke*, 2d. Dist. Montgomery No. 19905, 2003-Ohio-6082, ¶ 15-17; *Howard v. Howard*, 12th Dist. Butler No. CA99-09-158, 2000 WL 1725416, *2 (Nov. 20, 2000).

**{¶14}** Mr. Pirkel suggests that our decision in *Szymczak*, 2012-Ohio-540, supports his position that R.C. 3109.051(F)(2) creates a rebuttable presumption in favor of the standard parenting time schedule. That decision, however, does not construe the statute that restrictively and is distinguishable on its facts. In *Szymczak*, a mother and father encountered difficulties in their parenting time schedule that were attributed to the mother's inappropriate and angry behavior directed toward the father. Although the trial court ordered shared parenting when they first divorced, the father was later designated residential parent, and parenting time commenced. *Id*. at ¶ 2. Nonetheless, problems continued, and the trial court restricted the mother's parenting time to supervised visits on alternating weekends. *Id*. at ¶ 3. The parties agreed to extend the limited supervised visitation while they attended counseling, subject to a review by the trial court after six months. *Id*. at ¶ 5. By agreement of the parties, the trial court was to consider at that point whether a return to the standard parenting time schedule was in the child's best interest. *Id*. The trial court determined that the mother had failed to demonstrate significant progress in her therapy and that additional parenting time was not in the best interest of the child. *Id*. at ¶ 6.

**{¶15}** This Court reversed. We noted, in the context of the parties' agreement in that case and the mother's subsequent motion to modify her parenting time, that the trial court abused its discretion by concluding that the standard parenting time order was not in the child's best interest. *Id*. at ¶ 19. More specifically, we concluded that there was "a lack of evidence to support the trial court's findings on the specific best interest factors[.]" *Id*. In that context, we noted that R.C. 3109.051(F)(2) expresses a preference for standard parenting schedules, generally contemplating that it is in the best interest of children to provide as much interaction between each parent and the child as possible under the circumstances. *Id*. at ¶ 23, quoting R.C. 3109.051(A). We did not, however, conclude that R.C. 3109.051(F)(2) establishes a rebuttable

presumption in favor of standard parenting time schedules. Mr. Pirkel's argument that the trial court made a legal error in departing from the standard parenting time schedule on this basis is not well-taken.

{¶16} Mr. Pirkel has also argued in the alternative that the trial court abused its discretion by failing to grant him extended parenting time during the children's winter and spring breaks and by limiting his summer parenting time to nonconsecutive weeks. We disagree. Mr. Pirkel moved for an expansion of his parenting time schedule after having – by agreement – no extended parenting time with his very young children since the date of the divorce. Having reviewed the evidence from the hearing in light of the factors set forth in R.C. 3901.051(D), as well as the in camera interviews with the children, the trial court concluded that it was in their best interest to have expanded parenting time phased in gradually. Consequently, the trial court ordered increases in Mr. Pirkel's extended parenting time during summers over the course of several years, and the magistrate specifically noted that it was in light of the gradual expansion that parenting time during holidays would remain as originally agreed by the parties. This decision was not arbitrary, unreasonable, or unconscionable.

{¶17} Mr. Pirkel's first cross-assignment of error is overruled.

## CROSS-ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN REDUCING [MR.PIRKEL'S] TIME WITH THE MINOR CHILDREN ON WEDNESDAYS.

## CROSS-ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN REQUIRING THE PICK-UP AND DROP-OFF OF THE CHILDREN FOR PARENTING TIME TO BE CURB-SIDE AT THE RESIDENCE OF [MS. PIRKEL], OR [AT] OTHER DESIGNATED LOCATION BY [MS. PIRKEL].

## CROSS-ASSIGNMENT OF ERROR IV

THE TRIAL COURT ERRED IN REQUIRING [MR. PIRKEL] TO PRODUCE THE CHILDREN FOR ALL OF THEIR SCHEDULED EXTRA-CURRICULAR ACTIVITIES.

{¶18}  Mr. Pirkel has argued that the trial court abused its discretion by reducing, rather than increasing, his Wednesday parenting time; by requiring the children to be picked up and dropped off at Ms. Pirkel's residence; and by ordering him to produce the children for their scheduled activities.  We disagree.

{¶19}  With respect to his Wednesday parenting time, Mr. Pirkel maintains that the trial court abused its discretion by ordering his parenting time to begin at 5:00 p.m. rather than commencing immediately after the end of the children's school day.  The magistrate's findings of fact related to this factor, which the trial court considered and adopted in connection with entering judgment, explain that this decision was "[d]ue to [Ms. Pirkel] being the parent better suited to assist the children with their homework."  Contrary to Mr. Pirkel's assertion in his brief, Ms. Pirkel did not concede his ability to do so at trial.  In fact, the trial court permitted Ms. Pirkel's attorney to ask Mr. Pirkel to read aloud for the court and to make inquiries about his ability to do basic mathematical calculations.  The record demonstrates that it was the trial court's observation of this demonstration and the difficulty that attached to it that underpinned its decision, not the assumption that Ms. Pirkel is better qualified because of her educational and professional attainments or, conversely, Mr. Pirkel's lack thereof.  The trial court had the advantage of viewing this exchange in person, and its exercise of discretion to order the parenting time to begin at 5:00 p.m. on Wednesdays was not arbitrary, unreasonable, or unconscionable.

{¶20} Mr. Pirkel's second argument is that the trial court abused its discretion by permitting pickups and drop-offs curbside or at a location of Ms. Pirkel's choosing rather than designating a consistent, neutral location. In some respects, this argument overlaps with his first because Mr. Pirkel has maintained that the appropriate course of action would be to permit him to pick up the children immediately after school at the school they attend. As noted above, however, the trial court did not abuse its discretion by ordering his parenting time to begin later in the day on Wednesdays. Mr. Pirkel has also suggested that the trial court's order is an abuse of discretion because it might encourage Ms. Pirkel to select exchange points that are so grossly out of the way as to interfere with his parenting time. There is no evidence in the record indicating that is likely to occur, however, while there is evidence in the record from which the trial court could conclude that exchanges have been the scene of confrontation and contention in the past. The trial court did not abuse its discretion with respect to the location of pickups and drop-offs.

{¶21} Mr. Pirkel's final argument is that the trial court abused its discretion by ordering him to "ensure that the children attend their scheduled extra-curricular events during the times that they are in his possession." Like his previous argument, this one is premised on the assumption that Ms. Pirkel might use this language in the trial court's order to undermine his parenting time by scheduling numerous extracurricular activities for the children. Again, there is nothing in the record that would suggest that this is likely. To the contrary, Mr. Pirkel's testimony at trial actually indicated that he wanted greater participation in the children's extracurricular activities. The trial court did not abuse its discretion in this regard.

{¶22} Mr. Pirkel's second, third, and fourth cross-assignments of error are overruled.

III.

**{¶23}** Ms. Pirkel's assignments of error are overruled, and Mr. Pirkel's cross-assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to the parties equally.

DONNA J. CARR
FOR THE COURT

BELFANCE, P. J.
WHITMORE, J.
CONCUR.

APPEARANCES:

JONATHAN E. ROSENBAUM, Attorney at Law, for Appellant/Cross-Appellee.

PAULETTE LILLY, Attorney at Law, for Appellee/Cross-Appellant.