[Cite as *Harrel v. Donovan*, 2016-Ohio-979.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | | |
|---|---|---|
| HEATHER HARREL fka DONOVAN | | C.A. No.     15CA010765 |
| Appellant | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| MICHAEL DONOVAN | | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellee | | CASE No.     11DU073702 |

DECISION AND JOURNAL ENTRY

Dated: March 14, 2016

MOORE, Judge.

{¶1} Plaintiff-Appellant, Heather Harrel fka Donovan ("Mother"), appeals from the judgment of the Lorain County Court of Common Pleas, Domestic Relations Division. This Court affirms.

I.

{¶2} In 2012, Mother obtained a divorce from Defendant-Appellee, Michael Donovan ("Father"), and was named the sole residential parent and legal custodian of the parties' two children: E.D., born in 1996, and M.D., born in 2003. The parties agreed to a visitation schedule, pursuant to which Father would have monitored visitation with one or both of the children for a two-month period followed by limited, unsupervised visitation. The divorce decree also provided that Father would be responsible for and indemnify Mother against "[a]ny and all debt regarding the Camper which is presently subject to a lawsuit * * *."

**{¶3}** In 2014, Father filed a motion to expand the parenting time that he enjoyed with the parties' youngest child,[1] and Mother asked the court to find Father in contempt. Relevant to this appeal, Mother alleged that a civil judgment had been entered against her and that she faced garnishment proceedings because Father had failed to defend and indemnify her in the lawsuit related to the parties' camper. A magistrate held a hearing on both motions. The magistrate determined that it was in the best interests of the parties' child to afford Father additional visitation. She also rejected Mother's assertion that Father had violated the divorce decree because "[t]here was insufficient evidence to show that any judgment was placed against or garnishment attached to [Mother]." Consequently, the magistrate granted Father's motion for additional visitation and denied Mother's motion to hold Father in contempt.

**{¶4}** Mother filed objections to the magistrate's decision. The trial court held a hearing on her objections and denied them, in part, because she failed to support her objections with a transcript of the hearing before the magistrate. The court adopted the magistrate's decision, granted Father's motion for expanded parenting time, and denied Mother's motion to hold Father in contempt.

**{¶5}** Mother now appeals from the trial court's judgment and raises two assignments of error for our review.

II.

## ASSIGNMENT OF ERROR I

WHETHER A NON-CUSTODIAL PARENT MUST PROVE A CHANGE IN CIRCUMSTANCES PURSUANT TO OHIO REV. CODE §3109.04(E)(1)(A) TO JUSTIFY A CHANGE IN THE PARENTING TIME AWARDED IN THE DIVORCE DECREE[.]

---

[1] At the time Father filed his motion, the parties' eldest child had almost turned 18.

{¶6} In her first assignment of error, Mother argues that the magistrate and the trial court applied the wrong legal standard when deciding whether to grant Father's motion for additional visitation. She argues that, before the lower court could grant Father's motion, it first had to find that a change in circumstances had occurred. We disagree.

{¶7} This Court has "consistently held—in accordance with *Braatz*[ *v. Braatz*, 85 Ohio St.3d 40 (1999)]—that in the absence of a shared parenting plan, motions to modify parenting time are analyzed under R.C. 3109.051, and no change in circumstances is necessary." *Pirkel v. Pirkel*, 9th Dist. Lorain No. 13CA010436, 2014-Ohio-4327, ¶ 6. A change of circumstances showing is necessary in a shared parenting situation because, in those instance, the movant is actually "seeking a reallocation of parental rights and responsibilities * * *." *Gunderman v. Gunderman*, 9th Dist. Medina No. 08CA0067-M, 2009-Ohio-3787, ¶ 23. The same cannot be said of motions made in the absence of a shared parenting plan where one parent has been named the sole residential parent and legal custodian. *See Pirkel* at ¶ 5-6. Consequently, in those situations, the movant need only show that the proposed modification is in the best interests of the child. *See King v. Carleton*, 9th Dist. Lorain No. 13CA010374, 2013-Ohio-5781, ¶ 22.

{¶8} Mother argues that both the magistrate and the trial court erred when they granted Father's motion for additional visitation without first considering whether a change in circumstances had occurred. In reviewing her argument, however, we need only consider whether the *trial court* erred. *See Mealey v. Mealey*, 9th Dist. Wayne No. 95CA0093, 1996 WL 233491, *2 (May 8, 1996) ("Any claim of trial court error must be based on the actions of the trial court, not on the magistrate's findings or proposed decision."). The record reflects that the trial court applied this Court's precedent when it decided Father's motion for additional visitation. *See Pirkel*, *supra*. In the court below, Mother objected to the application of *Pirkel*

strictly "to preserve[] [an] assignment of error pending a decision on [the] issue in *Pirkel*, Ohio Supreme Court Case No. 2014-1924."[2] She did not set forth any additional arguments as to why this Court should abandon its precedent in *Pirkel*. Because the trial court did not err by considering Father's motion in light of this Court's precedent, Mother's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

> A COMMON PLEAS DOMESTIC JUDGE AND MAGISTRATE ERR AND ABUSE THEIR DECRETION (sic) BY NOT TAKING ACCURATE JUDCIAL (sic) NOTICE OF A JUDGMENT IN THE SAME COMMON PLEAS COURT.

{¶9} In her second assignment of error, Mother argues that the magistrate and trial court erred when they did not take judicial notice of the fact that a civil judgment had been entered against her in the General Division. Further, she argues that the trial court erred when it determined that her objection "required the filing of a hearing transcript to ascertain if the magistrate was asked to take judicial notice of this fact."

{¶10} The magistrate rejected Mother's claim that Father had violated their divorce decree by failing to indemnify her in the lawsuit related to the parties' camper. Specifically, the magistrate found:

> This matter is still in litigation in the General Division. There was insufficient evidence to show that any judgment was placed against or garnishment attached to [Mother]. It appears this issue is not yet ripe as no evidence of final judgment in that matter has been presented.

Mother objected to the magistrate's decision on the basis that she had, in fact, had a civil judgment entered against her. The trial court overruled her objection because, in the absence of a hearing transcript, it could not consider whether she had presented sufficient evidence of the entry of a civil judgment.

---

[2] The Supreme Court has since declined to review this Court's decision in *Pirkel*.

{¶11} Mother argues that the court erred when it rejected her objection because she did not support it with a hearing transcript. According to Mother, a transcript was unnecessary because "[j]udicial notice of facts is a matter of law * * *." She argues that the trial court committed a legal error when it refused to take judicial notice because the status of a case that appears on the General Division's docket is a matter that is generally known in the jurisdiction.[3] *See* Evid.R. 201(B). Mother's argument is problematic in several respects.

{¶12} First, the record reflects that Mother did not object to the magistrate's decision on the basis of judicial notice. *See* Civ.R. 53(D)(3)(b)(iv) (errors in court's adoption of magistrate's decision forfeited when party fails to object to them). Second, this Court has previously rejected judicial notice arguments when an appellant has failed to secure a transcript of the proceedings. *See, e.g., State v. Campbell*, 9th Dist. Medina No. 10CA0120-M, 2011-Ohio-5433, ¶ 4-7; *St. Clair v. St. Clair*, 9 Ohio App.3d 195, 196 (9th Dist.1983). Finally, this Court has repeatedly held that a trial court "may only take judicial notice of prior proceedings in the immediate case." *In re J.C.*, 186 Ohio App.3d 243, 2010-Ohio-637, ¶ 14 (9th Dist.). For all of the foregoing reasons, Mother's argument lacks merit. Accordingly, her second assignment of error is overruled.

III.

{¶13} Mother's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

---

[3] Mother also argues that the magistrate erred in this respect. As previously discussed, however, this Court must confine its review to claims of trial court error. *See Mealey*, 1996 WL 233491, at *2.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

HENSAL, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

JONATHAN E. ROSENBAUM, Attorney at Law, for Appellant.

MICHAEL J. TONY, Attorney at Law, for Appellee.