[Cite as *Roderick v. Phillips*, 2020-Ohio-3350.]

STATE OF OHIO        )                IN THE COURT OF APPEALS
)ss:           NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

PAUL RODERICK                C.A. No.     29607

      Appellee

      v.                      APPEAL FROM JUDGMENT
                                   ENTERED IN THE
ALAINA PHILLIPS              COURT OF COMMON PLEAS
                                   COUNTY OF SUMMIT, OHIO
      Appellant            CASE No.     DR-2017-07-2182

DECISION AND JOURNAL ENTRY

Dated: June 17, 2020

HENSAL, Judge.

{¶1}    Alaina Phillips appeals a judgment of the Summit County Court of Common Pleas, Domestic Relations Division, that overruled her objections to a magistrate's decision and granted Paul Roderick unsupervised visitation with their daughter. For the following reasons, this Court affirms.

I.

{¶2}    Mother and Father are the parents of a girl who was born in 2010. The parties have never been married. In 2014, Father filed a complaint for parentage, but he later dismissed it. According to Father, he had to dismiss the action because he did not have the financial resources to see it through. In 2017, Father filed a complaint to establish a parent-child relationship, seeking to become the child's sole residential parent and legal custodian. He also sought shared parenting time with the child.

{¶3} Following an initial hearing, a magistrate ordered that Father be allowed supervised visitation with the child for a couple of hours once a week. The case proceeded to an evidentiary hearing before the magistrate, who recommended that Mother remain the child's residential parent and legal custodian. The magistrate also recommended that Father be allowed unsupervised visitation with the child, and that the amount of his unsupervised visitation time increase over the following couple of months to allow the child time to adjust. The trial court entered a judgment adopting the magistrate's recommendations. Mother objected to the magistrate's decision, arguing that it is not in the best interest of the child to allow Father unsupervised visitation with her. The trial court overruled Mother's objection but made minor adjustments to the visitation schedule. Mother has appealed, assigning as error that the trial court abused its discretion when it granted Father unsupervised visitation with the child.

## II.

### ASSIGNMENT OF ERROR

THE COURT ABUSED ITS DISCRETION IN GRANTING FATHER A VISITATION SCHEDULE THAT IS UNSUPERVISED AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED.

{¶4} Mother argues that Father should not be allowed unsupervised visitation with the child. Revised Code Section 3109.12(A) provides that the acknowledged father of a child born to an unmarried woman may request reasonable parenting time rights. The court may grant parenting time rights if it determines that granting them is in the best interest of the child after considering all relevant factors, which includes, but is not limited to, the factors set forth in Section 3109.051(D). R.C. 3109.12(B). "We review a decision regarding parenting time for an abuse of discretion." *Pirkel v. Pirkel*, 9th Dist. Lorain No. 13CA010436, 2014-Ohio-4327, ¶ 9. Factual

findings by the trial court, however, are reviewed "under a manifest weight of the evidence standard." *Loewen v. Newsome*, 9th Dist. Summit No. 28107, 2018-Ohio-73, ¶ 15.

{¶5} Mother does not contest any specific factual findings of the trial court. She argues that the court abused its discretion, however, when it weighed all the relevant factors and determined that Father should be allowed unsupervised time with the child. Mother notes that the child has been diagnosed with anxiety and an adjustment disorder and that the conditions have manifested as encopresis, which is soiling. Mother argues that the evidence shows that the soiling is related to the child's visits with Father and that it stopped when Father's visitation stopped after he dismissed his first complaint.

{¶6} Mother also argues that Father has not taken enough steps to try to resolve the soiling issue, noting that he has never attempted to contact the child's counselors or doctor. Mother also argues that Father failed to develop a relationship with his other child, who is now an adult. She argues that Father is not engaged in his own counseling and has never sought to start counseling with the child. According to Mother, if Father really wanted to develop a relationship with the child, he would have been in more contact over the years and participated in counseling services. Mother argues that it was not in the best interest of the child for the court to order a graduated visitation schedule before ordering Father into counseling or ordering him to learn more about the child's issues from her healthcare providers.

{¶7} The child's guardian ad litem, two counselors, pediatrician, and the supervised visitation monitor each testified at the hearing. None of them identified any concerns about the child's visits with Father that were related to Father's behavior. The guardian ad litem explained that, although the child has anxiety about visiting with Father, it could be attributed to alienating behavior by Mother and that she had seen indications of such behavior. She noted that the child

could not identify anything specific about why she did not like visiting with Father and appeared to have a prepared response when she was asked about what sort of visitation she would like. The guardian ad litem testified that over the course of an entire year, there had been no reported problems with the supervised visitation. That was confirmed by the monitor of the supervised visits, who testified that Father had acted appropriately with the child during visits, had engaged in appropriate activities with her, and had respected the child's boundaries. The guardian ad litem recognized that expanding the child's visitation with Father would be stressful for the child but opined that the child would be able to adjust to the change with the support of her counselors. She also opined that it was important to expand visitation so that the child could have a relationship with her father in the long term.

{¶8} The guardian ad litem noted that, although Mother reported that the soiling issue improved after Father dismissed his first action, it could have been because the child was no longer visiting with Father or because any alienating behavior by Mom had ceased. There was only one soiling incident that was confirmed by someone other than Mother, which was that the child had an incident at school after speaking to the guardian ad litem about visiting Father. According to the child's counselors, the two stressors in the child's life were school and her Father. Her school counselor reported that her anxiety about school caused her to be hyperactive in class. Her other counselor noted that the child had concerns about communicating and being more assertive around Father, which they had been working on. The individual who monitored the visitation reported that the child had gotten better about communicating her wants and boundaries to Father.

{¶9} According to the child's pediatrician, the child has been diagnosed with constipation and encopresis. She explained that encopresis is caused by constipation, but constipation can have many causes and that the exact reason for the child's constipation is

unknown. The pediatrician also testified that Mother had correlated the child's difficulties with her visits with Father and that the issue had reportedly improved since the child began seeing a gastroenterologist.

{¶10} Upon review of the record, we cannot say that the trial court exercised improper discretion when it ordered that Father be allowed unsupervised visitation with the parties' child. There was no evidence that Father poses a danger to the child, only unsubstantiated theories by Mother stemming from when the parties lived together. Father's visits with the child have been appropriate and his communication with the child has improved over time. The child's medical issues have also improved since she began seeing a specialist, and the child has the support of two counselors to assist with her transition to unsupervised visitation. It does not appear that the child has any trouble communicating freely with her counselors, who remain an independent outlet for her if any problems with the unsupervised visits arise. Mother's assignment of error is overruled.

III.

{¶11} Mother's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CALLAHAN, P. J.
TEODOSIO, J.
CONCUR.

APPEARANCES:

BRENDON J. KOHRS, Attorney at Law, for Appellant.

BRIAN M. ASHTON, Attorney at Law, for Appellee.

LESLIE GRASKE, Attorney at Law, for Child.

ANNA BROWN, Guardian ad Litem.